## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        |
                                        |
United States of America                |
                                        |
v.                                      |
                                        |        **CRIMINAL NO. 15-CR-30032-MGM**
Rita Luthra,                            |
                                        |
Defendant.                              |
                                        |
_____|

### RITA LUTHRA, M.D.'S OPPOSITION TO THE GOVERNMENT'S
### MOTION FOR EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT

It has been almost two years since Dr. Luthra was indicted.  During that period, the government continued to assert that it was going forward on all of the counts in the original indictment in this case, particularly the count relating to alleged violations by Dr. Luthra of the anti-kickback statute.  Indeed, the government produced three-quarters of a million documents in discovery, almost every one of which related to the anti-kickback allegations.  It took Dr. Luthra and her counsel nearly the entire time from her indictment to the present to review those three-quarters of a million documents.  Then, when Dr. Luthra filed her motion to dismiss, the government abandoned the anti-kickback count, along with another legally unsupportable count, and filed a superseding indictment.

Almost that entire period of delay, from Dr. Luthra's indictment until the filing of the superseding indictment, was thus unnecessary, and was caused wholly by the government.  That delay has prejudiced Dr. Luthra's rights under the Sixth Amendment to the U.S. Constitution. The government now seeks to exclude further time from consideration under the Speedy Trial Act.  The Court should not grant the government's motion to exclude the time.

**The Time Following the Government's Filing of the Superseding Indictment**
**Is Not Excludable Under 18 U.S.C. § 3161(h)(1)(D)**

The government seeks a ruling from the Court that because of 18 U.S.C. § 3161(h)(1)(D), the time period from July 7, 2017 to October 5, 2017 should be excluded from the speedy trial clock.  But by its terms, 18 U.S.C. § 3161(h)(1)(D) excludes from Speedy Trial Act consideration only "delay resulting from any pretrial motion…."  In this case, none of any delay from the date of the filing of the superseding indictment (August 1, 2017) onward "result[s] from any pretrial motion."

Dr. Luthra filed her motion to dismiss on July 7, 2017.  Rather than oppose Dr. Luthra's motion, the government chose to instead file a superseding indictment on August 1, 2017.  The government thereafter, on August 4, 2017, filed its opposition to Dr. Luthra's motion to dismiss.  Dr. Luthra was arraigned on the superseding indictment on August 16, 2017.

The superseding indictment filed by the government was not a typical superseding indictment, such as one with new co-defendants or with new charges based on additional acts by Dr. Luthra.  Instead, the superseding indictment simply abandoned two of the counts against Dr. Luthra, and, with respect to the remaining counts, improperly attempted to amend what remained of the original indictment.

Dr. Luthra intends to move to dismiss the superseding indictment, on a time schedule to be set by the Court, as being nothing more than an improper attempt to amend the original indictment.  For the purpose of this Opposition, however, the fact is that on August 1, 2017, a separate and superseding delay "resulted" from the filing of the superseding indictment.  Critically, the filing of a superseding indictment is not a cause for allowing the exclusion of time under subsection (h)(1)(D).

The filing of the superseding indictment completely changed the posture of this case, and thus became the cause of the separate and superseding delay.  For example, there is currently motion practice before the Court regarding discovery issues relating to the superseding indictment.  Moreover, from Dr. Luthra's review of the grand jury minutes relating to the superseding indictment, provided to Dr. Luthra after the deadline for Dr. Luthra to file her pending discovery motion relating to the superseding indictment, it appears that there will be additional discovery motion practice before the Court.  Additionally, Dr. Luthra intends to file a motion to dismiss the superseding indictment, on multiple grounds.  Any delay that "results" from these activities will have been caused by the government's filing of the superseding indictment, not the filing by Dr. Luthra of her motion to dismiss.

Accordingly, even though the Court has issued its Memorandum and Order regarding Dr. Luthra's motion to dismiss, the time between the filing of the superseding indictment and the Court's disposition should not be excluded from the Speedy Trial Act clock, as that time follows the delay resulting from the filing of the superseding indictment.  *See, e.g., United States v. Gambino,* 59 F.3d 353, 359 (2d Cir.1995) (delay not excludable when hearing on motion was continued until after trial); *United States v. Clymer,* 25 F.3d 824, 830-31 (9th Cir.1994) (same); *but see United States v. Salimonu*, 182 F. 3d 63, 69 (1st Cir. 1999) (the court stated, in a case <u>unlike</u> Dr. Luthra's, <u>not</u> involving the filing of an atypical superseding indictment following two years' of unnecessary delay, *"*as long as a hearing on the motion is to be conducted before trial, the delay until the hearing automatically should be considered delay 'resulting from' a pretrial motion).

## The Time Is Not Excludable Under 18 U.S.C. § 3161(h)(7)(A)

In the alternative, the government asks the Court to exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A), as by doing so the Court will supposedly best serve the ends of justice, which the government argues outweigh the best interest of the public and the defendant in a speedy trial.  The government makes <u>no</u> argument with respect to what those ends of justice actually might be.

The government seeks this assistance from the Court because it has put itself in a bind: nearly two years into the case, it has abandoned its principal reason for bringing the charges against Dr. Luthra (the anti-kickback statute count), dropped another count as legally unsupportable, and now faces additional extensive motion practice with respect to discovery of its conduct before the second grand jury, as well as a separate motion to dismiss the superseding indictment.

None of the likely delay that will result from Dr. Luthra's intended motions should redound to the government's advantage.  The government had almost two years to acknowledge the plain failings of its original indictment.  The government certainly should have forgone the anti-kickback statute count upon immediate reflection and consideration of the absolute impossibility of proving the statistically-based charge, particularly once it acknowledged it had no expert witness to testify at trial in support of the charge.  And it certainly should have never brought the legally unsupportable count alleging obstruction of a health-care investigation in the first place.

Thus, any delay following the filing of the superseding indictment should not benefit the government.  If consideration of Dr. Luthra's discovery motion(s) and motion to dismiss cause the case to exceed the 70-day standard, and thus be dismissed, so be it.  The government can ask

the Court to dismiss the case without prejudice, should it desire to file yet another superseding

indictment.   Two years have passed; the ends of justice coincide with the best interests of the

public and Dr. Luthra that no additional time be excluded.

Moreover, in any event the Court cannot exclude time retroactively under 18 U.S.C.

§ 3161(h)(7)(A).  As the government acknowledges by the very act of filing its pending motion,

there is no indication in the Clerk's notes of Dr. Luthra's arraignment on the superseding

indictment that an "ends-of-justice" continuance was ordered.  Importantly, continuance on

"ends-of-justice" grounds requires the Court to "set forth, in the record of the case, either orally

or in writing, its reasons . . . ."  *See* 18 U.S.C. § 3161(h)(7)(A). That was not done.

It is too late to do it now – continuances based on the "ends-of-justice" provision cannot

be retroactively granted.  *See, e.g., United States v. Clymer*, 25 F.3d 824, 829 (9th Cir. 1994)

(holding that "[t]he [Speedy Trial] Act's carefully-crafted exclusions would be rendered wholly

irrelevant if a district court could invoke the "ends of justice" provision retroactively, to validate

any delay that occurred prior to trial").  Any "ends of justice" findings would thus have had to

have been made at Dr. Luthra's arraignment on the superseding indictment, as the statute

requires.  The Court cannot go back in time and do it now.  *See United States v. Brooks,* 697 F.2d

517, 522 (3d Cir.  1982) ("[A] judge could not grant an 'ends of justice' continuance *nunc pro

tunc,* providing after the fact justification for unauthorized delays.  Rather ... the judge must

consider the matter at the outset and determine whether the `ends of justice' require that the trial

be postponed."), *cert. denied,* 460 U.S. 1071 (1983).

## The Sixth Amendment Prevents the Time From Being Excluded

Dr. Luthra also asserts that her rights under the Sixth Amendment preclude the Court

from granting the government's motion, as the time period between her indictment and the

present has crossed the threshold dividing ordinary from presumptively prejudicial delay. *Dogget v. United States*, 505 U.S. 647, 651-52 (1992).

The Supreme Court has identified four factors that courts should assess when considering whether a defendant has been deprived of the right to a speedy trial under the Sixth Amendment. These are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Irizarry-Colón*, 848 F. 3d 61, 67-68 (1st Cir. 2017).

In this case, there has been a delay of almost two years to <u>this</u> point, almost <u>double</u> the <u>one-year</u> time span that the First Circuit has held to be presumptively prejudicial between indictment and <u>trial</u>. "Delay of around one year is considered presumptively prejudicial, and the presumption that delay prejudices the defendant 'intensifies over time.'" *United States v. Carpenter*, 781 F.3d 599, 610 (1st Cir. 2015) (quoting *Dogget* at 652).

Moreover, the reason for the delay is entirely attributable to the government. The government waited almost two years to abandon its anti-kickback count, forcing Dr. Luthra and her counsel to spend that nearly two-year period reviewing and analyzing the almost three-quarter of a million documents the government produced in discovery, 99% of which were relevant only to the anti-kickback count. *United States v. Loud Hawk*, 474 U.S. 302, 304, 314 (1986) (for purposes of analyzing prejudicial delay under the Sixth Amendment, the Court considered the time period starting with the initial indictment, not the superseding indictment); *US v. Irizarry-Colón*, 848 F. 3d 61, 70 (1st Cir. 2017) (same).

Dr. Luthra is asserting her rights under the Sixth Amendment only now because it was only after the government filed the superseding indictment that she knew the government was not going forward on the anti-kickback charge. Although Dr. Luthra had long believed that the

anti-kickback count could not go forward with the support of expert testimony, there is no opportunity in criminal practice (unlike in civil practice under Rule 12(b)(6)) to bring an early motion to dismiss for failure to state a claim on which relief can be granted. Thus Dr. Luthra had to wait until the government belatedly abandoned the anti-kickback count to know for certain that the nearly two-year delay had been absolutely unnecessary. Now that the situation is clear, Dr. Luthra has immediately objected to the effort by the government to exclude time from the Speedy Trial Act clock.

The delay up to this point has prejudiced Dr. Luthra by requiring her and her counsel to spend almost two years of time, money, and effort to defend against charges that the government must have known from the outset were unsustainable. Because of the pendency of these charges, she has been forced to give up her medical practice. This has been an extraordinary prejudice to her, not only in terms of employment, but also in terms of her life-long dedication to serving women and children, particularly those in the minority and disadvantaged communities in Springfield and Holyoke. This also points out the extraordinary prejudice to the public caused by the government's needless delay in abandoning the complex anti-kickback charge it had to have known it could never go forward on.

It is clear that the best interests of the public and Dr. Luthra coincide precisely with the ends of justice. Therefore, it would be a violation of Dr. Luthra's rights under the Sixth Amendment for the Court to exclude any additional time from the Speedy Trial Act clock. If that causes problems for the government in getting the case tried within the 70-day period, so be it. The government brought this problem upon itself, and if the 70-day time is exceeded, the government will have the opportunity to make whatever arguments it can muster to ask that any dismissal be without prejudice.

## **CONCLUSION**

Dr. Luthra thus requests that the government's motion be denied.

Respectfully submitted,

RITA LUTHRA, M.D.
By her attorney,

/s/ Stephen E. Spelman
Stephen E. Spelman (BBO #632089)
12 Wellington Drive
East Longmeadow, Mass.  01028
(413) 530-4316
s.e.spelman@gmail.com

Dated:  September 27, 2017

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), on this 27th day of September, 2017.

/s/ Stephen E. Spelman