IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> vs. <br><br> **RITA LUTHRA** <br><br> Defendant. | **CRIMINAL NO.** 15-CR-30032-MGM |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION TO COMPEL GRAND JURY LEGAL INSTRUCTIONS

With no basis in law or fact, the defendant has moved this Court to compel the government to disclose legal instructions given to the grand juries that returned indictments in this case. The defendant cites no facts that support a "particularized need" for the legal instructions – the standard required by the Supreme Court to disclose grand jury materials – and simply argues that the superseding indictment is evidence of a vindictive prosecution. There is no merit to defendant's claim and this Court should deny the motion.

The case law is clear: grand jury proceedings are secret[1] and courts "should refuse to disclose [or conduct *in camera* review of] grand jury materials … unless there is a very clear and positive showing of a need for the [grand jury] material." *United States v. Bravo-Fernandez*, 239 F. Supp. 3d 411, 415 (D.P.R. 2017) (citing *United States v. Perez–Velazquez*, 488 F. Supp. 2d 82, 109 (D.P.R. 2007)). Courts have discretion to authorize disclosure where there is a

---

[1] *See Rehberg v. Paulk*, 566 U.S. 356, 374 (2012) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."); *Whitehouse v. U.S. Dist. Court for Dist. of Rhode Island*, 53 F.3d 1349, 1357 (1st Cir. 1995) (including secrecy as one of the elements that make grand jury proceedings special); *In re Grand Jury Matter*, 607 F. Supp. 2d 273, 274 (D. Mass. 2009) ("the very functioning of the grand jury system depends on the secrecy of its proceedings.") (citing *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979)).

"compelling necessity" for a particularized disclosure that "outweighs the private interest in secrecy." *Id.* at 414.  That said, a defendant shoulders "a heavy burden to overcome" the presumption of regularity in grand jury proceedings and must demonstrate a "particularized need" for disclosure of grand jury materials, including legal instructions.[2]  *Id.* (citing *United States v. Flemmi*, 245 F.3d 24, 28 (1st Cir. 2001)); *see United States v. Barry*, 71 F.3d 1269, 1274 (7th Cir. 1995) (reciting "particularized need" standard in context of motion for production of instructions to grand jury).  Broad, "conclusory or speculative allegations of misconduct" do not meet this burden.  *United States v. Rodriguez-Torres*, 570 F. Supp. 2d 237, 242 (D.P.R. 2008).[3]

---

[2] The defendant's citation to *United States v. Facteau*, 2016 WL 445741, 15-cr-10076-ADB (Aug. 22, 2016), in support of his argument for the disclosure of legal instructions is somewhat misplaced.  *See* Defendant's Memorandum in Support of Motion to Compel Discovery of Grand Jury Instructions, at 10-11 (hereinafter, "Def. Mot. at __").  In *Facteau*, the Honorable Donald L. Cabell, United States Magistrate Judge, District of Massachusetts, denied the defendants' motion to compel the legal instructions provided to the grand jury because, like here, the defendants failed to demonstrate the requisite "particularized need."  *See* 15-cr-10076-ADB, Dkt. No. 154 (Oct. 29, 2015).  The defendants appealed Magistrate Judge Cabell's decision to the Honorable Allison D. Burroughs, United States District Judge, District of Massachusetts.  After the case went to trial, Judge Burroughs ruled on the defendants' objections to Magistrate Judge Cabell's orders.  While Judge Burroughs opined that legal instructions do not implicate the concerns often cited in support of grand jury secrecy, she denied the defendants' motion to compel grand jury legal instructions based on the "prevailing case law."  *Facteau*, 2016 WL 445741, *5.

[3] *See also United States v. Llaca Orbiz*, 513 F.2d 816, 819 (1st Cir. 1975) (affirming denial of motion to disclose grand jury materials because motion "contained no showing of 'particularized need'"); *United States v. George*, 839 F. Supp. 2d 430, 437 (D. Mass. 2012) (denying motion where "plain words [of indictment] were sufficient to apprise jury of necessary legal elements" and defendant's argument that grand jury may have been improperly instructed was based on speculation); *United States v. Matos-Luchi*, 529 F. Supp. 2d 292, 295–96 (D.P.R. 2007) (denying motion because "[t]he record is devoid of any findings of circumstances that: 1) are peculiar to this case; 2) create an increased burden on the defense; and 3) can be alleviated by access to specific grand jury materials."); *United States v. McElroy*, 392 F. Supp. 2d 115, 117 (D. Mass. 2005) (denying motion because "a defendant is not entitled to disclosure unless he can make a showing that there is some basis, other than mere conjecture, that a ground may exist to seek to dismiss the indictment based on the defendant having been prejudiced by the Rule 6(e) violation.").

The defendant's motion offers only speculative (and baseless) allegations of government misconduct. The crux of defendant's argument is that the government *must* have incorrectly advised the original grand jury because the government could not defend certain charges in the face of a motion to dismiss. More specifically, the defendant argues that (i) the dismissal of the Anti-Kickback charge is evidence of a vindictive prosecution for which there was no basis in law or fact to bring, and (ii) there was no basis in law to charge the defendant's direction to her medical assistant to lie to the government as obstruction of a health care investigation. These arguments are without merit.

First, the government opted to dismiss the Anti-Kickback charge because counsel for the defendant made an impassioned policy-based pitch to the government as to why it should not proceed against the defendant.[4] The undersigned Assistant U.S. Attorney told counsel for the defendant as much upon the return of the superseding indictment. For these reasons, the government finds defendant's argument that the government could not defend the Anti-Kickback charge to be particularly disingenuous. Nonetheless, the defendant has not – because she cannot – point to a single fact that suggests there was no basis for the grand jury to return the original indictment charging her with a violation of the Anti-Kickback Statute.[5]

---

[4] This pitch occurred in early July 2017, immediately prior to the defendant filing her motion to dismiss.

[5] The defendant's argument that the conduct at the heart of the kickback count "was all that she was permitted to do under Massachusetts health care law at the time" is an overly simplistic statement of both Massachusetts law and the allegations in the case. *See* Def. Mot. at 2. At the time, Massachusetts law prohibited pharmaceutical and medical device companies from providing meals of any value to health care providers outside a hospital or the practitioner's office. The allegations supporting the government's kickback claim were that the defendant accepted "speaker fees," intended to compensate physicians for speaking clinically about Warner Chilcott's products to other physicians, even though she did not speak to other physicians, but rather engaged in approximately 20-30 minutes of primarily social conversation with a Warner Chilcott sales representative over breakfast in her office. In addition, Warner Chilcott paid for a barbeque at the defendant's home. Notably, Massachusetts law also prohibited pharmaceutical

Second, there is nothing inherently improper about the fact that the superseding indictment charged the defendant's obstruction of justice in two counts (witness tampering, in violation of 18 U.S.C. § 1512, and obstruction of a criminal health care investigation, in violation of 18 U.S.C. § 1518) whereas the original indictment charged the same conduct in one count (obstruction of a criminal health care investigation, in violation of 18 U.S.C. § 1518).

The original indictment charged the defendant with obstruction of a criminal health care investigation based on the defendant's statements to Special Agents and direction to her medical assistant to lie to Special Agents about whether a sales representative had access to patients' medical records. The government's investigation into Warner Chilcott focused on violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, based on Warner Chilcott's provision of food and money to physicians in exchange for writing prescriptions for Warner Chilcott's pharmaceutical products, and Health Care Fraud, in violation of 18 U.S.C. § 1347, based on fraudulent prior authorization forms being submitted to insurance companies to pay for a Warner Chilcott drug that was not covered by insurance.[6] In February 2014, Special Agents interviewed the defendant about both subjects. Immediately after the interview, the defendant called one of her medical assistants and directed the medical assistant to lie to Special Agents about whether a Warner Chilcott sales representative had access to patients' medical records.

18 U.S.C. § 1518 prohibits any attempt to "prevent, obstruct, mislead, or delay the communication of information" relating to a violation of health care fraud (among other federal

---

and medical device companies from making payments of any kind to physicians, unless as compensation for *bona fide* services. The original indictment alleged that the $23,500 the defendant received from Warner Chilcott was not for *bona fide* services, as she did not provide any such services, but rather an inducement for prescriptions.

[6] 18 U.S.C. § 24 includes both 42 U.S.C. § 1320a-7b and 18 U.S.C. § 1347 in the definition of a "federal health care offense."

4

health care offenses). The defendant's direction to her sales representative was intended to prevent investigators from learning that a Warner Chilcott sales representative had access to her medical files and was involved in filling out prior authorizations. In this case, the government was investigating the submission of fraudulent prior authorizations to insurance companies; the fact that the disclosure of patients' medical records was also a violation of the Health Insurance Portability and Accountability Act ("HIPAA"), does not, in this context, take the defendant's actions outside the scope of an investigation into health care fraud. Simply put, there was a sufficient basis in law and fact for the entirety of the defendant's obstruction to be charged in one count under 18 U.S.C. § 1518.

In the same July 2017 conversation in which counsel for the defendant urged the government not to proceed with its case against the defendant, counsel for the defendant shared with the government his view that the defendant's direction to her medical assistant was not properly charged under 18 U.S.C. 1518.[7] While the government believed it could overcome a motion to dismiss, or a motion in limine to exclude this evidence, the government sought a superseding indictment in order to present the cleanest possible case to the jury. There is nothing nefarious in the government's act of superseding with more specific charges.

---

[7] Specifically, counsel for the defendant opined that the defendant's direction to her medical assistant related to a potential HIPAA violation, which is not included in the definition of a "federal health care offense" under Title 18, and therefore the defendant's direction about a potential HIPAA violation could not be charged as obstruction of a criminal health care investigation under 18 U.S.C. 1518.

The defendant has not demonstrated a particularized need for the legal instructions provided to the grand juries that returned indictments in this case. Accordingly, the Court should deny the defendant's motion.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By:   /s/ *Miranda Hooker*
      Miranda Hooker, BBO# 661569
      Youngik Paik, BBO# 660896
      Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

   /s/ *Miranda Hooker*
   Miranda Hooker
   Assistant United States Attorney

DATE: September 29, 2017