**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|                            |   |                                |
|----------------------------|---|--------------------------------|
| United States of America   |   |                                |
| v.                         |   | **CRIMINAL NO. 15-CR-30032-MGM** |
| Rita Luthra,               |   |                                |
| Defendant.                 |   |                                |

### RITA LUTHRA, M.D.'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT

It has been more than two years since Dr. Luthra was indicted. During that period, the government produced three-quarters of a million documents in discovery, almost every one of which related to the anti-kickback allegations against Dr. Luthra. It took Dr. Luthra and her counsel nearly two years to review those three-quarters of a million documents. Then, when Dr. Luthra filed her motion to dismiss, the government abandoned the anti-kickback count, along with another legally unsupportable count, and filed the superseding indictment.

Almost that entire period of delay, from Dr. Luthra's indictment until the filing of the superseding indictment, was thus unnecessary, and was caused wholly by the government. That delay has prejudiced Dr. Luthra's rights under the Sixth Amendment to the U.S. Constitution. The government now seeks to exclude further time from consideration under the Speedy Trial Act, basing its claim only on 18 U.S.C. § 3161(h)(7)(A). (See Docket Number 115, paragraph 10). The Court should not grant the government's motion to exclude the time.

**The Time Is Not Excludable Under 18 U.S.C. § 3161(h)(7)(A)**

The government asks the Court to exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A), claiming that by doing so the Court will supposedly best serve the ends of justice, which the government argues outweigh the best interest of the public and the defendant in a speedy trial. The government makes no argument with respect to what those ends of justice actually might be.

The government seeks this assistance from the Court because it has put itself in a bind: at well more than two years into the case, it has abandoned its principal reason for bringing the charges against Dr. Luthra (the anti-kickback statute count), dropped another count as legally unsupportable, and now faces additional extensive motion practice with respect to discovery of its conduct before the second grand jury, as well as a separate motion to dismiss the superseding indictment.

None of the delay caused by the government's filing of the superseding indictment, and Dr. Luthra's responses to that filing, should redound to the government's advantage. The government had almost two years to acknowledge the plain failings of its original indictment. The government certainly should have forgone the anti-kickback statute count upon immediate reflection and consideration of the absolute impossibility of proving the statistically-based charge, particularly once it acknowledged it had no expert witness to testify at trial in support of the charge. And it certainly should have never brought the legally unsupportable count alleging obstruction of a health-care investigation in the first place.

Thus, any delay following the filing of the superseding indictment should not benefit the government. If consideration of Dr. Luthra's discovery motion(s) and motion to dismiss cause the case to exceed the 70-day standard, and thus be dismissed, so be it. The government can ask the Court to dismiss the case without prejudice, should it desire to file yet another superseding

indictment. Well more than two years have passed; the ends of justice coincide with the best interests of the public and Dr. Luthra, and thus no time should be excluded.

**The Sixth Amendment Prevents the Time From Being Excluded**

Dr. Luthra's rights under the Sixth Amendment also preclude the Court from granting the government's motion, as the time period between her indictment and the present has crossed the threshold dividing ordinary delay from presumptively prejudicial delay. *Dogget v. United States*, 505 U.S. 647, 651-52 (1992).

The Supreme Court has identified four factors that courts should assess when considering whether a defendant has been deprived of the right to a speedy trial under the Sixth Amendment. These are "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Irizarry-Colón*, 848 F. 3d 61, 67-68 (1st Cir. 2017).

In this case, there has been a delay of well more than two years to this point, more than double the one-year time span that the First Circuit has held to be presumptively prejudicial between indictment and trial. "Delay of around one year is considered presumptively prejudicial, and the presumption that delay prejudices the defendant 'intensifies over time.'" *United States v. Carpenter*, 781 F.3d 599, 610 (1st Cir. 2015) (quoting *Dogget* at 652).

Moreover, the reason for the delay is entirely attributable to the government. The government waited almost two years to abandon its anti-kickback count, forcing Dr. Luthra and her counsel to spend that nearly two-year period reviewing and analyzing the almost three-quarter of a million documents the government produced in discovery, 99% of which were relevant only to the anti-kickback count. *United States v. Loud Hawk*, 474 U.S. 302, 304, 314 (1986) (for purposes of analyzing prejudicial delay under the Sixth Amendment, the Court

3

considered the time period starting with the initial indictment, not the superseding indictment); *US v. Irizarry-Colón*, 848 F. 3d 61, 70 (1st Cir. 2017) (same).

Dr. Luthra asserted her rights under the Sixth Amendment almost immediately after the government filed the superseding indictment, when she realized that the government was not going forward on the anti-kickback charge.

The delay up to this point has prejudiced Dr. Luthra by requiring her and her counsel to spend almost two years of time, money, and effort to defend against charges that the government must have known from the outset were unsustainable.  Because of the pendency of these charges, she has been forced to give up her medical practice.  This has been an extraordinary prejudice to her, not only in terms of employment, but also in terms of her life-long dedication to serving women and children, particularly those in the minority and disadvantaged communities in Springfield and Holyoke.  This also points out the extraordinary prejudice to the public caused by the government's needless delay in abandoning the complex anti-kickback charge it had to have known it could never go forward on.

It is clear that the best interests of the public and Dr. Luthra coincide precisely with the ends of justice.  Therefore, it would be a violation of Dr. Luthra's rights under the Sixth Amendment for the Court to exclude any additional time from the Speedy Trial Act clock.  If that causes problems for the government in getting the case tried within the 70-day period, so be it.  The government brought this problem upon itself, and if the 70-day time is exceeded, the

government will have the opportunity to make whatever arguments it can muster to ask that any dismissal be without prejudice.

## CONCLUSION

Dr. Luthra thus requests that the government's motion be denied.

Respectfully submitted,

RITA LUTHRA, M.D.
By her attorney,

/s/ Stephen E. Spelman
Stephen E. Spelman (BBO #632089)
12 Wellington Drive
East Longmeadow, Mass.  01028
(413) 530-4316
s.e.spelman@gmail.com

Dated:  December 1, 2017

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), on this 1st day of December, 2017.

/s/ Stephen E. Spelman