UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cr-30032-MGM |
| ) | |
| RITA LUTHRA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER REGARDING GOVERNMENT'S MOTION FOR
EXCLUDABLE DELAY UNDER THE SPEEDY TRIAL ACT
(Dkt. No. 97)

ROBERTSON, U.S.M.J.

I. INTRODUCTION

On August 1, 2017, Defendant Rita Luthra, M.D., was charged in a three count superseding indictment with aiding and abetting the wrongful disclosure of individually identifiable health information, in violation of 42 U.S.C. § 1320d-6(a) and 18 U.S.C. § 2 (Count One), tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3) (Count Two), and obstructing a criminal investigation of a health care offense, in violation of 18 U.S.C. § 1518 (Count Three) (Dkt. No. 89). Currently pending before the court is the government's motion to exclude from the Speedy Trial Act's ("STA") 70-day trial requirement the period from August 4, 2017 through November 19, 2017. Defendant opposes the government's motion on the ground that the time is not excludable under the STA (Dkt. No. 101).

After consideration of the pleadings and after argument on October 20, 2017, the government's motion for excludable delay is GRANTED for the reasons detailed below.

II. BACKGROUND

1

Because the procedural history of the case is central to the court's resolution of the government's motion, it is described in detail.

> October 21, 2015: Grand jury returns a three-count indictment ("original indictment") charging Defendant with violating the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b)(1)(B) (Count One); wrongfully disclosing individually identifiable health information, in violation of 42 U.S.C. § 1320d-6(a) (Count Two); and obstructing a criminal investigation of a health care offense, in violation of 18 U.S.C. § 1518 (Count Three) (Dkt. No. 3).
>
> October 22, 2015: Defendant is arrested (Dkt. No. 8).
>
> October 30, 2015: Defendant is arraigned before the undersigned. The court grants the parties' joint request to exclude from the STA's calculation the period between October 30, 2015 and December 14, 2015 in the "[i]nterests of justice," 18 U.S.C. § 3161(h)(7)(A) (Dkt. No. 15, 16, 22).
>
> December 7, 2015: The parties file their joint initial status report explaining Defendant's discovery request for specific material (Dkt. No. 18 at 1–2).
>
> December 14, 2015: Initial status conference held. Defendant's counsel indicates his need for additional time to review the voluminous discovery (Dkt. No. 19). Based on the parties' joint request, the court excludes the period from December 14, 2015 through March 22, 2016 in the "[i]nterests of justice," 18 U.S.C. § 3161(h)(7)(A) (Dkt. Nos. 18 at 4, 23).
>
> March 22, 2016: Interim status conference held. The parties request, and the court agrees, to exclude the period between March 22, 2016 and the final status conference scheduled for June 7, 2016, in the "[i]nterests of justice," 18 U.S.C. § 3161(h)(7)(A) (Dkt. No. 28, 29).
>
> May 26, 2016: Defendant files an assented-to motion asking the court to schedule a status conference regarding production of electronic discovery and "to address the issues presented by the overwhelming volume of discovery in this complex case" (Dkt. No. 30 at 1–2). Consequently, the final status conference set for June 7, 2016 is cancelled and a final status/discovery conference is scheduled for June 27, 2016 (Dkt. Nos. 31, 32).
>
> June 27, 2016: Final status/discovery conference is held. The court sets July 15, 2016 as the filing date for Defendant's motions to compel discovery (Dkt. No. 33). Based on "[t]he interests of justice," 18 U.S.C. § 3161(h)(7)(A), the court allows the government's assented-to motion to exclude from the STA's calculation the period between June 7, 2016 and July 15, 2016 (the due date for filing motions to compel, if any) (Dkt. Nos. 33–36).

July 15, 2016: Defendant moves to compel the government to provide information responsive to eighteen discovery requests, including information necessary to develop her claims of selective and vindictive prosecution and to defend against the charged violation of the AKS (Dkt. No. 37, 38).

August 5, 2016: After receiving an assented-to extension of time to file its response to Defendant's motion to compel, the government files its objection to Defendant's motion with limited exceptions (Dkt. Nos. 41-44).

August 9, 2016: Defendant files her response to the government's objections (Dkt. No. 45).

September 1, 2016: The government files an assented-to motion to continue the hearing on Defendant's motion to compel from September 1, 2016 to September 7, 2016 (Dkt. No. 47-49).

September 7, 2016: Hearing held on Defendant's motion to compel discovery (Dkt. No. 50). The court takes the motion under advisement (*id.*).

October 12, 2016: The undersigned issues an order granting in part and denying in part defendant's motion to compel discovery (Dkt. No. 53). *See United States v. Luthra*, Case No. 15-cr-30032-MGM, 2016 WL 5946864, at *10 (D. Mass. Oct. 12, 2016).

November 18, 2016: The presiding judge denies as moot and without prejudice Defendant's appeal of the undersigned's decision on Defendant's motion to compel discovery (Dkt. No. 54-56).

November 29, 2016: The government files an assented-to motion for excludable delay based on its estimation of the time it will require to produce discovery pursuant to the court's October 12, 2016 order (Dkt. No. 57). Based on the "[i]nterests of justice," 18 U.S.C. § 3161(h)(7)(A), the court grants the assented-to motion and excludes the time between July 25, 2016 and January 23, 2017 (Dkt. Nos. 59, 60).

January 23, 2017: Status conference held. Defendant requests additional time to review the discovery. A final status conference is scheduled for March 8, 2017. The parties agree that the period of time between January 23, 2017 and March 8, 2017 should be excluded from the speedy trial calculation and the court excludes the period in the "[i]nterests of justice," 18 U.S.C. § 3161(h)(7)(A) (Dkt. Nos. 63, 64, 65, 67).

February 13, 2017: Defendant files an assented-to motion requesting an extension of time to file discovery motions and a continuance of the final status conference "until the parties either report that all discovery has been produced and that no further discovery motion practice is anticipated, or the parties report that they are at an impasse, and that [Defendant] intends to file discovery motions" (Dkt. No. 68). The court allows the motion and sets March 17, 2017 as the new deadline to file discovery motions and reschedules the final status conference to March 30, 2017 (Dkt. No. 70).

March 30, 2017: Final status conference held. The undersigned orders Defendant to file a motions to dismiss, if any, by June 23, 2017, schedules the initial pretrial conference to be held before the presiding judge on August 4, 2017, and sets a trial date of October 2, 2017 (Dkt. Nos. 76, 77). Granting the government's assented-to motion for excludable delay in the "[i]nterests of justice," 18 U.S.C. § 3161(h)(7)(A), the court excludes the period from March 30, 2017 through the initial pretrial conference scheduled for August 4, 2017 (Dkt. Nos. 75, 78, 79).

May 11, 2017: Defendant files an assented-to motion to continue the trial date from October 2, 2017 to either December 4 or December 11, 2017 (Dkt. No. 80).

May 17, 2017: The presiding judge allows Defendant's motion to continue the trial and schedules it for December 4, 2017 (Dkt. No. 81).

June 23, 2017: The parties move to extend the time for filing the dismissal motion and responsive pleadings and to reschedule the status conference to October because of ongoing negotiations "to resolve the case short of trial" (Dkt. No. 84).

June 26, 2017: The presiding judge allows the joint motion to continue and reschedules the status conference to October 5, 2017 (Dkt. Nos. 85, 86).

July 7, 2017: Defendant moves to dismiss the original indictment (Dkt. No. 87).

August 1, 2017: The second grand jury returns a three count superseding indictment against Defendant charging her with aiding and abetting the wrongful disclosure of individually identifiable health information, in violation of 42 U.S.C. § 1320d-6(a) and 18 U.S.C. § 2 (Count One), tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3) (Count Two), and obstructing a criminal investigation of a health care offense, in violation of 18 U.S.C. § 1518 (Count Three) (Dkt. No. 89). The presiding judge refers the pretrial proceedings to the undersigned (Dkt. No. 90).

August 4, 2017: The government files its opposition to Defendant's motion to dismiss the original indictment (Dkt. No. 91).

August 16, 2017: Defendant is arraigned on the superseding indictment and discovery deadlines are established (Dkt. No. 94).

September 13, 2017: The government moves to exclude from the STA the period between August 4, 2017, the date originally scheduled for the initial pretrial conference before the presiding judge, and October 5, 2017, the date of the next scheduled status conference before him (Dkt. No. 97).

September 27, 2017: Defendant objects to the government's request to exclude time from the STA (Dkt. No. 101).

September 15, 2017: Defendant moves to compel discovery of the legal instructions that were delivered to the first and second grand juries (Dkt. No. 98). The government responds on September 29, 2017 and Defendant replies on October 11, 2017 (Dkt. Nos. 104, 107).

September 26, 2017: The presiding judge denies Defendant's motion to dismiss after the parties agree that he should consider the portions of Defendant's motion that apply to the charges in the superseding indictment that overlap with the charges in the original indictment (Dkt. No. 100).

October 20, 2017: The undersigned holds a hearing on the government's motion for excludable delay (Dkt. No. 97) and Defendant's motion for discovery of grand jury instructions (Dkt. No. 98) (Dkt. No. 109). During the hearing, the government orally modifies its motion to exclude time to include the periods from October 5, 2017 through October 20, 2017 and from October 20, 2017 through November 19, 2017 (Dkt. No. 109).

October 24, 2017: Defendant moves to continue the trial date "to another date agreeable to the parties" (Dkt. No. 108).

October 31, 2107: The presiding judge grants Defendant's motion to continue the trial (Dkt. No. 110).

November 16, 2017: The presiding judge holds a status conference during which Defendant's counsel indicates his intent to move for dismissal after the undersigned rules on the parties' pending motions (Dkt. No. 114). The presiding judge directs the parties to file a written status report within fourteen days of this court's rulings (*id.*).

III. DISCUSSION

A. Legal Standard for Speedy Trial Act Analysis

"The [STA], 18 U.S.C. § 1361 et. seq., implements the Sixth Amendment's guarantee to a speedy trial." *United States v. Scott*, 180 F. Supp. 3d 88, 90-91 (D. Mass. 2015). "It sets a 70-day limit on the time that may elapse between the filing of criminal charges and the trial of the accused." *Id.* at 91 (citing 18 U.S.C. § 3161(c)(1)). The 70-day "clock" begins to run on the later of the defendant's indictment or initial appearance. *See* 18 U.S.C. § 3161(c)(1).

"The [STA] also sets out periods of time which shall be excluded from the 70-day clock." *Scott*, 180 F. Supp. 3d at 91. Three categories of excludable time are relevant to this case. First, the STA excludes

> delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other disposition of, such motion.

18 U.S.C. § 3161(h)(1)(D). Second, it excludes

> delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1)(H). "Those two excluded periods are automatic, and therefore the [c]ourt does not need explicitly to order the exclusion of time which falls into either one of them." *Scott,* 180 F. Supp. 3d at 91 (citing *United States v. Noone*, 913 F.2d 20, 25 n.4 (1st Cir. 1990). *See also United States v. Rush*, 738 F.2d 497, 502 (1st Cir. 1984) ("The exclusion for pretrial motions is automatic; a showing of actual delay is not required.").

> Third, a judge may exclude any period of delay attributable to continuances granted . . . on the basis of [the court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This exclusion requires that

> the court se[t] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

*Id.*

B. <u>Analysis of the Government's Request to Exclude the Time from August 4, 2017 through November 19, 2017</u>

An examination of the record shows that the entire period that is the subject of the government's motion, from August 4, 2017 through November 19, 2017, is automatically excludable under the STA and, therefore, Defendant fails to sustain her burden of demonstrating that the time is not excludable. *See Scott*, 180 F. Supp. 3d at 91. Because two different

6

subsections of the STA apply to the entire time period, the court divides the time according to the STA provision that determines exclusion for each period.

1.      August 4, 2017 through October 20, 2017

The pendency of pretrial motions during the time period that ran from August 4, 2017 through October 20, 2017 makes this time automatically excludable under § 3161(h)(1)(D). *See United States v. Rodriguez*, 63 F.3d 1159, 1163-64 (1st Cir. 1995) ("[T]he *entire* period beginning from the [date of] filing . . . a pretrial motion to [and including] the conclusion of the hearing on that motion is excludable time."). Defendant moved for dismissal on July 7, 2017 while the original indictment was pending (Dkt. No. 87). By agreement of the parties, the presiding judge considered the portions of the motion that related to counts of the superseding indictment that "mirror a portion of the allegations appearing in the original indictment" (Dkt. No. 100 at 1 n.1). The presiding judge issued his ruling denying the motion on September 26, 2017 (Dkt. No. 100). Therefore, Defendant's motion to dismiss was pending on August 4, 2017 (Dkt. Nos. 87, 100).

In addition, two other motions were pending during this period: the government filed its motion for excludable delay on September 13, 2017 (Dkt. No. 97); and Defendant moved to compel discovery of the grand jury instructions on September 15, 2017 (Dkt. No. 98). The excludable period under § 3161(h)(1)(D) ended on October 20, 2017 when the undersigned held a hearing on the government's motion and Defendant's discovery motion and took the matters under advisement (Dkt. No. 109). *See* 18 U.S.C. § 3161(h)(1)(D).

2.      October 20, 2017 through November 19, 2017

Section 3161(h)(1)(H) automatically excludes the thirty days that the government's motion for excludable delay (Dkt. No. 97) and Defendant's motion to compel (Dkt. No. 98) were

under advisement. *See* 18 U.S.C. § 3161(h)(1)(H). Accordingly, the STA automatically excludes from the 70-day speedy trial clock the entire period from August 4, 2017 through November 19, 2017. Defendant appeared to agree with this assessment at the hearing on the motion.

3. Defendant's Claim Based on the Sixth Amendment

The automatic exclusion of the period from August 4, 2017 to November 19, 2017 ends the discussion. However, because the government proffered the alternative argument that that the ends of justice served by excluding this period outweighed the best interest of the public and the defendant in a speedy trial, *see* 18 U.S.C. § 3161(h)(7)(A), the court will address Defendant's response, which relied on the analysis articulated in *Barker v. Wingo*, 407 U.S. 514 (1972). Defendant argues that her Sixth Amendment right to a speedy trial outweighs the interests of justice served by excluding the time and precludes omitting the time from the STA clock (Dkt. No. 101 at 7). *See* U.S. Const. amend. VI.

At the outset, it is notable that *Barker* is usually cited to support dismissal of an indictment on the ground of a violation of a defendant's constitutional guarantee of a speedy trial. *Compare Strunk v. United States*, 412 U.S. 434, 439-40 (1973) (dismissal is "'the only possible remedy'" for a Sixth Amendment violation) (quoting *Barker*, 407 U.S. at 522). "Sixth [A]mendment challenges receive separate review distinct from the [STA], but it is an unusual case in which the [S]ixth [A]mendment right has been violated when the [STA's] time limit has been met." *United States v. Thirion*, 813 F.2d 146, 154 (8th Cir. 1987). *See United States v. Salimonu*, 182 F.3d 63, 69 (1st Cir. 1999) ("[I]t would be unusual to have a case where the STA is satisfied, but the Sixth Amendment guarantee is violated.") (citing *United States v. Santiago-Becerril,* 130 F.3d 11, 21 (1st Cir. 1997)).

The case upon which Defendant relies to support her position that the Court's analysis in *Barker* applies to a motion to exclude time under the STA, *Doggett v. United States*, 505 U.S. 647 (1992), is distinguishable (Dkt. No. 101 at 5-6). The *Doggett* Court did not address the STA. *Id.* at 651-58. Instead, the Court applied the *Barker* criteria and allowed dismissal based on an 8 ½ year delay between the defendant's indictment and arrest that was due to the government's negligence. *Id.* at 657-58.

Notwithstanding the procedural weaknesses in Defendant's argument, the court will apply *Barker's* four-part test to analyze Defendant's claim of a constitutional violation. The test balances (1) the length of the delay, (2) the reason for the delay, (3) whether and how the defendant asserted her speedy trial right; and (4) the amount of prejudice the defendant has suffered as a result of the delay. *See United States v. Dowdell*, 595 F.3d 50, 60 (1st Cir. 2010) (citing *Barker*, 407 U.S. at 530). These factors militate against Defendant's position.

  a. Length of Delay

"Length of delay, in addition to factoring into the balance, serves as a triggering mechanism for review, since a court will conduct a Sixth Amendment analysis only after a defendant has shown that the period of time 'has crossed the threshold dividing ordinary from presumptively prejudicial delay.'" *United States v. Souza*, 749 F.3d 74, 81 (1st Cir. 2014) (quoting *Doggett*, 505 U.S. at 651-52). "Generally, delay becomes prejudicial around the one-year mark." *Id.* Here, approximately twenty-two months elapsed between the return of the original indictment in October 2015 and the beginning of the period that the government sought to be excluded in August 2017 (Dkt. No. 3). *See United States v. Trueber,* 238 F.3d 79, 87 (1st Cir. 2001) ("The speedy trial right attaches upon arrest or indictment, whichever occurs first."). This length of time is sufficient to assume that the delay is presumptively prejudicial so as to

9

trigger the speedy trial analysis under *Barker*. *See United States v. Worthy,* 772 F.3d 42, 48 (1st Cir. 2014) (twenty-three month delay was presumptively prejudicial and triggered *Barker* analysis).

      b.      Reasons for Delay

In analyzing this factor, the court first determines whether the delays were attributable to Defendant or to the government. *See Souza,* 749 F.3d at 82. "[D]elays sought by [defense] counsel are ordinarily attributable to the defendants they represent." *Vermont v. Brillon*, 556 U.S. 81, 85 (2009). Delays caused by the government are examined to determine the underlying reasons. *See Souza*, 749 F.3d at 82 (citing *Barker*, 407 U.S. at 531).

This factor weighs against Defendant for several reasons. First, "much of the delay occurred for the benefit of . . . [D]efendant." *Scott*, 180 F. Supp. 3d at 95. Defendant assented to the continuances that were granted from her arraignment on the original indictment on October 30, 2015 to August 4, 2017 (Dkt. Nos. 15, 16, 22, 18, 23, 28, 29, 33-36, 57, 59, 60, 63-65, 67, 75, 78, 79). Notwithstanding Defendant's assent to the continuances during the pendency of the original indictment, her request for several continuances to review the voluminous discovery during that time, and her first motion to continue the trial, she now contends that the delay from the filing of the original indictment until the filing of the superseding indictment should be attributable to the government because the delay was related to the discovery concerning the alleged AKS violation, which the government excluded from the superseding indictment (Dkt. Nos. 19, 30, 63, 68, 80; Dkt. No. 101 at 1, 6). Defendant appears to allege that the government acted in bad faith by presenting the allegation of the AKS violation to the first grand jury and by including the witness tampering charge and the obstruction of a health care investigation charge in a single count in the original indictment (Dkt. No. 101 at 4, 7). However, Defendant's

argument fails to recognize the prosecution's wide discretion in determining the charges it pursues. *See United States v. Goodwin*, 457 U.S. 368, 382 (1982). In addition, a superseding indictment, alone, does not indicate bad faith. *See Worthy,* 772 F.3d at 49 n.10.

Second, Defendant reviewed the discovery with an eye toward arguing for dismissal based on selective and vindictive prosecution. *See Luthra*, 2016 WL 5946864, at *3-8. Considering the ground asserted in Defendant's motion to compel discovery of the instructions delivered to the first and second grand juries, she continues to pursue this theory (Dkt. No. 98).

Finally, after the return of the superseding indictment, Defendant sought to continue the trial despite the fact that the charges in the superseding indictment are based on the same alleged acts as the charges in the original indictment and trial on those charges was scheduled for December 4, 2017 (Dkt. Nos. 81, 89, 108). Both indictments charged Defendant with disclosing individually identifiable health information, in violation of 42 U.S.C. § 1320d-6(a) (Dkt. Nos. 3, 89). Though the original indictment charged obstruction in a single count and the superseding indictment charges witness tampering and obstruction of a criminal investigation of a health offense in separate counts, these charges are based on the same alleged acts: Defendant's instruction to her medical assistant to lie to an investigator about giving an unauthorized person access to patients' privileged medical records; and Defendant's lies to an investigator about payments she received from a pharmaceutical company (*id.*).

In summary, because Defendant was responsible for most of the pretrial delay, the second factor weighs against her.

        c.        Defendant's Assertion of the Right

Defendant's assertion of her right to a speedy trial, through her opposition to the government's motion for excludable delay filed after the return of the superseding indictment,

weighs in her favor. *See United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986) (demand for speedy trial in opposition to government's motion to compute excludable delay shows assertion of speedy trial right). However, it is "not enough to overcome the weight that the second and fourth factors carry against [her]," particularly in view of her request for a continuance of the trial after she filed the opposition to the government's motion to exclude the delay. *Souza*, 749 F.3d at 83.

        d.        Prejudice Resulting from the Delay

"Prejudice is assessed in light of the interests that the speedy trial right was designed to protect: '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that that the defense will be impaired.'" *Id.* (quoting *Barker*, 407 U.S. at 532). Each factor will be discussed in turn.

The first factor in the prejudice assessment weighs against Defendant because she is released on bail (Dkt. Nos. 10-12). *See Perron v. Perrin*, 742 F.2d 669, 677 (1st Cir. 1984) (no prejudice when defendant was free on bail during a nineteen month delay).

As to the second factor, through counsel, Defendant contends that she is prejudiced because she is unable to practice medicine, is not permitted to travel abroad, and has incurred legal expenses. "[S]ince 'considerable anxiety normally attends the initiation and pendency of criminal charges[,] . . . only undue pressures are considered.'" *Souza,* 749 F.3d at 83 (quoting *United States v. Henson*, 945 F.2d 430, 438 (1st Cir. 1991)). Defendant's stated concerns do not constitute such undue pressures.

The final factor carries the most weight because "it implicates 'the fairness of the entire system.'" *Id.* (quoting *Barker*, 407 U.S. at 532). Significantly, Defendant fails to point to any way in which the delay has impaired her defense. *See Barker*, 407 U.S. at 532; *Scott*, 180 F.

Supp. 3d at 96 (dismissal for the lack of a speedy trial was not warranted where defendant failed to mention any prejudice to his defense that was caused by the delay).

In view of the fact that Defendant was largely responsible for the delay and has not suffered prejudice as a result, she fails to demonstrate that allowance of the government's motion to exclude time under the STA will deprive her of her Sixth Amendment right to a speedy trial.

IV. CONCLUSION

For the foregoing reasons, the government's Motion for Excludable Delay under the Speedy Trial Act (Dkt. No. 97) is ALLOWED.

It is so ordered.

Dated: January 9, 2018
/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE