UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                                      |
|------------------------------|---|--------------------------------------|
| United States of America     | &#124; |                                      |
|                              | &#124; |                                      |
| v.                           | &#124; | **CRIMINAL NO. 15-CR-30032-MGM**     |
|                              | &#124; |                                      |
| Rita Luthra,                 | &#124; |                                      |
|                              | &#124; |                                      |
| Defendant.                   | &#124; |                                      |

**RITA LUTHRA, M.D.'S MOTION *IN LIMINE*
TO EXCLUDE LAY OPINION REGARDING REQUIREMENTS UNDER
HIPAA LAW AND REGULATIONS OR MEDICARE LAW AND REGULATIONS**

Rita Luthra, M.D. respectfully moves this Honorable Court *in limine* to preclude the government from introducing any lay opinion testimony regarding requirements both under HIPAA law and regulations, and under Medicare law and regulations. To begin with, and as is addressed by another one of Dr. Luthra's motions *in limine*, Rule 701 was amended in 2000 to eliminate the risk that the reliability requirements set forth in Rule 702 would be evaded through the simple expedient of proffering an expert in lay witness clothing. Thus, no lay witness can offer opinion testimony that should come only from expert testimony, which is subject to the notice provisions of the Federal Rules of Criminal Procedure and the scrutiny of a full-fledged *Daubert* hearing.

Moreover, a witness's lay opinion regarding a law or regulation has no bearing on whether a defendant, here Dr. Luthra, intended to violate HIPAA law and regulations or Medicare law and regulations. *See United States v. Meises*, 645 F.3d 5, 16 (1st Cir. 2011) ("The nub of [Rule 701(b)] is to exclude testimony where the witness is no better suited than the jury to make the judgment at issue, providing assurance against the admission of opinions which would

merely tell the jury what result to reach.") (internal quotations and citations omitted); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("It is black-letter law that [i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.") (internal quotation marks omitted); *United States v. Rea*, 958 F.2d 1206, 1219 (2d Cir. 1992) (testimony that the defendant must have known he was participating in a tax evasion scheme should have been excluded as "[i]t did no more than instruct the jury as to what result it should reach on the issue of knowledge.").

To the extent that a particular provision of HIPAA or Medicare law and regulations is relevant, the provision itself should be included in the jury instructions, and this Honorable Court should not permit testimony regarding a witness's own interpretation or personal understanding of that provision.

Moreover, admission of such testimony would violate Federal Rule of Evidence 403 as it will be unduly prejudicial and will confuse or mislead the jury into believing that it must accept the lay testimony of a government witness with respect to the requirements of HIPAA laws and regulations or Medicare laws and regulations, or will cause the jury to conclude that Dr. Luthra had violated HIPAA laws and regulations or Medicare laws and regulations based on the lay opinions testified to by the government witness.

Similarly, courts have excluded testimony regarding common industry practices as unduly prejudicial, as such testimony falsely implies that other practices were in violation of the law. *See United States v. Buchanan*, 964 F. Supp. 533, 537-38 (D. Mass. 1997) (excluding expert testimony that defendant's conduct was "not consistent with generally accepted standards of conduct in the industry" because the testimony "essentially announce[d]" that the defendant had supposedly violated federal law); *see also Massachusetts Mutual Life Insurance Co. v. DB*

2

*Structured Products, Inc.*, 11-cv-30039, 2015 WL 2130060, at *13 (D. Mass. May 7, 2015) (in a civil case, noting that evidence of the defendant's compliance with minimum industry standards is a distinct issue from whether the defendant violated underwriting guidelines in offering documents).

WHEREFORE, Dr. Luthra respectfully requests that this Court preclude the government from introducing any lay opinion testimony regarding requirements under HIPAA laws and regulations or Medicare laws and regulations.

|  |  |
|---|---|
| | Respectfully submitted,<br>RITA LUTHRA, M.D.<br>By her attorney, |
| | /s/ Stephen E. Spelman<br>Stephen E. Spelman (BBO #632089)<br>12 Wellington Drive<br>East Longmeadow, Mass.  01028<br>(413) 530-4316 |
| Dated:  April 9, 2018 | s.e.spelman@gmail.com |

### CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), on this 9th day of April, 2018.

/s/ Stephen E. Spelman