# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>RITA LUTHRA,<br><br>         Defendant. | Criminal No. 15-CR-30032-MGM |

### GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SELECTIVE/VINDICTIVE PROSECUTION AND ALLEGATIONS OF PROSECUTORIAL MISCONDUCT

The United States of America hereby moves to exclude at trial any evidence relating to the defendant's claims of selective/vindictive prosecution and/or prosecutorial misconduct, including (i) evidence of other doctors' conduct, (ii) evidence of whether other doctors were criminally charged in the government's investigation into Warner Chilcott's sales and marketing activities, and (iii) evidence of the government's dismissal of the Anti-Kickback charge against the defendant.  The defendant's allegations of selective/vindictive prosecution and prosecutorial misconduct are not relevant to the issues before the jury.  The issue at trial will be whether *the defendant* allowed a sales representative to access patients' protected health information when she was not allowed to do so, whether *the defendant* directed an employee to lie to Special Agents, and whether *the defendant* lied to Special Agents.  Any attempt to elicit testimony regarding the defendant's allegations of selective/vindictive prosecution and prosecutorial misconduct will serve only to confuse (or attempt to inflame) the jury and should not be permitted.

Case 3:15-cr-30032-MGM   Document 150   Filed 04/09/18   Page 2 of 7

## BACKGROUND

In multiple filings before the Court, the defendant has repeatedly alleged that she is a victim of prosecutorial misconduct, and that the charges against her stem from a selective and vindictive prosecution. For example:

> <u>Nearly two thousand</u> physicians in America, exactly like Dr. Luthra: (1) prescribed Actonel and Atelvia; (2) entered into Warner Chilcott's standard Master Speaker Services Agreement; (3) were provided with free food by Warner Chilcott; and (4) allegedly had Warner Chilcott employees involved in the prior authorization process for their patients. Only <u>one</u> of those nearly two thousand physicians is being prosecution – Dr. Rita Luthra.

Memorandum in Support of Defendant's Motion to Compel Discovery, Dkt. No. 38, at 1-2 (emphasis in original).

> Documents produced by the government in discovery in this case, as well as quotations from the government's own pleadings and press releases in other prosecutions brought against Warner Chilcott and Warner Chilcott employees, make it absolutely clear that other physicians who entered into the Master Speaker Services Agreement with Warner Chilcott (1) admitted to accepting kickbacks from Warner Chilcott; (2) allowed Warner Chilcott employees to review patient files and at times remove patient files from their offices; and (3) enjoyed expensive purely-social dinners at fancy restaurants and parties on yachts, all paid for by Warner Chilcott. Not one of these physicians was prosecuted.

Memorandum in Support of Defendant's Motion to Dismiss Indictment, Dkt. No. 88, at 1-2.

> In January 2015, counsel for Dr. Luthra and counsel for the government engaged in discussions regarding resolving the investigation regarding Dr. Luthra prior to any indictment of her. As part of those negotiations, the government informed Dr. Luthra, though counsel, that if she wanted to resolve the case short of indictment she would have to admit that she violated . . . the federal Anti-Kickback Statute (the "AKS"). Dr. Luthra, through counsel, was told that to avoid indictment she would have to testify truthfully at trial against senior Warner Chilcott executives, including the CEO. Dr. Luthra, through counsel, was told that in return for admitting that she violated the AKS, and for testifying for the government, she would be given immunity from prosecution. Dr. Luthra refused to admit she had violated the AKS, because she had not.

Defendant's Memorandum in Support of Motion to Compel Discovery of Grand Jury Instructions, Dkt. No. 99, at 2.

2

> Dr. Luthra seeks the legal instructions given to the second grand jury as support for her planned Rule 12 motion, part of which will relate to the government's vindictive prosecution of her.

Defendant's Rule 59 Objections to Magistrate Judge's Ruling on her Motion to Compel Discovery of Grand Jury Instructions, Dkt. No. 127, at 3.

> Dr. Luthra is the one physician in America that the U.S. Attorney's Office decided to prosecute as part of its investigation into Warner Chilcott's misconduct.

Defendant's Memorandum in Support of Motion to Dismiss Superseding Indictment, Dkt. No. 136, at 2.

> . . . Dr. Luthra asks the Court to consider the government's repeated use of innaposite regulations in its Oppositions, as well as the government's repeated conclusory assertions, unsupported by relevant law, throughout the Opposition.  It is precisely because of these behaviors that Dr. Luthra has sought the Court's assistance in requiring that the legal instructions provided by the government in both grand juries be produced in discovery.  If the government is willing to engage in this behavior in its submission to the Court, common sense and life experience makes it probable that the government was willing to, and did, engage in the same behavior before the two grand juries.

Defendant's Response to Government's Opposition to Defendant's Motion to Dismiss Superseding Indictment, Dkt. No. 141, at 7.

> The government apparently believes that prosecutors may act with utter, unrestrained, and unpunished impunity, both with respect to their misconduct before a grand jury and with respect to responding to documented instances of such misconduct.  If a federal prosecutor feels so immune from judicial review that the prosecutor need not even attempt to justify actions that are plainly improper, it is a sad day for America.

*Id.* at 15.

## **ARGUMENT**

The Court should preclude the defendant from attempting to place these allegations before the jury.  As a matter of law, allegations of selective/vindictive prosecution and/or prosecutorial misconduct do not provide a factual defense to criminal charges.  For that reason, a

defendant is required to bring claims of selective/vindictive prosecution or prosecutorial misconduct in a pre-trial motion to dismiss. *See United States v. Berrigan*, 482 F.2d 171, 175 (3d Cir. 1973); *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y. 1982).

Allegations of a selective prosecution – specifically, that a prosecutor pursued a case for a constitutionally impermissible reason, such as race, religion or some other characteristic cognizable under equal protection principles – require the defendant to "adduce clear evidence of both discriminatory effect of the prosecution and the prosecutor's discriminatory intent." *United States v. Lewis*, 517 F.3d at 20, 25 (1st Cir. 2008) (citing *U.S. v. Armstrong*, 517 U.S. 456, 465 (1996)*.* Evidence in support of an asserted discriminatory effect requires a "credible showing that similarly situated individuals who do not share the protected characteristic were not prosecuted." *Id.* Likewise, evidence in support of discriminatory intent "must consist of a credible showing that the government chose to prosecute 'at least in part because of, not merely in spite of,' the defendant's protected characteristic." *Id.* While the defendant has repeatedly asserted that evidence of selectiveness lies in the fact that she was the only doctor charged in the government's investigation into Warner Chilcott, she cannot show that others who were not charged were similarly situated. First, the defendant was the only doctor who directed an employee to lie to investigators. Second, the other doctors with whom the defendant attempts to align herself are outside of Massachusetts, such that the investigating grand jury did not have jurisdiction over them. For these reasons, as there are no other similarly situated individuals, there can be no viable claim of selectivity.

A vindictive prosecution is "one in which the prosecutor seeks to punish the defendant for exercising a protected statutory or constitutional right." *U.S. v. Jenkins*, 537 F.3d 1, 3 (1st Cir. 2008). A defendant can only establish a vindictive prosecution by (1) producing evidence of

actual vindictiveness, or (2) demonstrating circumstances that reveal a sufficient likelihood of vindictiveness to warrant a presumption of vindictiveness, though this showing is subject to rebuttal by the prosecution. *Id.* While the defendant has long argued that evidence of vindictiveness can be found in the fact that she was offered the opportunity to plead and/or cooperate and she declined, as a matter of law, "[t]he fact that the government followed through on a threat it made during plea bargain negotiations does not, by itself," give rise to vindictiveness. *U.S. v. Lanoue*, 137 F.3d 656, 665 (1st Cir. 1998); *see also Bordenircher v. Hayes*, 434 U.S. 357, 363 (1978) ("[I]n the 'give and take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.").

Both the Sixth and Third Circuits have held that courts should not allow evidence of selective/vindictive prosecution or prosecutorial misconduct before the jury. In *United States v. Abboud*, 438 F.3d 554 (6th Cir. 2006), the Sixth Circuit affirmed the district court's preclusion of evidence of selective prosecution, holding that "the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury." *Id.* at 579-80; *See also United States v. Simpson*, 2007 U.S. App. LEXIS 11043, *2 (6th Cir. 2007) (affirming district court's exclusion of questions relating to allegations of vindictiveness at trial as irrelevant to issue of guilt or innocence). Similarly, in *United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973), the Third Circuit affirmed the district court's rejection of the defendant's attempt to introduce evidence of discriminatory prosecution to the jury:

> [Defendants'] argument misconceives the proper division of responsibility between judge and jury in a federal criminal proceeding. By both tradition and constitutional mandate the jury is given the responsibility of determining guilt or innocence according to the instructions of law delivered by the court. The question of discriminatory prosecution relates not to the guilt or innocence of [the

5

defendants], but rather addresses itself to a constitutional defect in the institution of the prosecution.

*Id.* at 175; s*ee also United States v. Dufresne*, 58 Appx. 890, 895 (3d Cir. 2003) (affirming district court's denial of defendant's attempt to introduce evidence of vindictiveness at trial, holding "a claim of vindictive prosecution is not a permissible argument to the jury," but rather properly raised in a pretrial motion to dismiss).

The evidence the defendant is likely to seek to introduce – evidence of other doctors' conduct – has no bearing on the defendant's actions or intent with respect to the charges against her. *See United States v. Vasilakos*, 508 F.3d 401, 409 (6th Cir. 2007) (observing "manifest illogic" of defendants' "others did it too" argument and that "evidence of fraudulent acts by other employees including policy making executives, would have no tendency to show that the defendants' acts were innocent"); *United States v. Lepore*, U.S. Dist. LEXIS 1131681, *21-22 (N.D. Ga. Aug. 25, 2016) (ruling "Defendants may not argue, expressly or implicitly, that the failure to indict others is a reason to acquit Defendants"). The only reason to introduce evidence of the fact that Warner Chilcott treated other doctors to lavish dinners or parties on yachts, or that other doctors allowed sales representatives to access their patient files and lied about it, is to inflame the jury.[1]

Finally, the Court should not allow the defendant to introduce evidence of the government's dismissal of the Anti-Kickback charge. The government has "broad discretion" to bring charges or dismiss them.[2] *See, e.g.*, *United States v. Martin*, 287 F. 3d 609, 623 (7th Cir.

---

[1] Further, given that all such evidence involves doctors outside of Massachusetts (over whom the investigating grand jury had no jurisdiction), there is no basis for the introduction of such evidence.

[2] Despite the defendant's suggestions to the contrary, the government opted to dismiss the Anti-Kickback charge because counsel for the defendant made an impassioned policy-based pitch to the government in July 2017 as to why it should not proceed against the defendant.

2002) ("The decision to indict, allege specific charges, or dismiss charges is inherently an exercise of executive power, and the prosecutor has broad discretion in these matters. The executive can choose not to prosecute one case, yet prosecute vigorously another involving the same issues. . . . The judiciary cannot compel prosecutions, nor can a judge refuse to grant the prosecution's voluntary motion to dismiss charges absent a specific finding of bad faith."); *United States v. Kriens*, 270 F.3d 597, 602 (8th Cir. 2001) ("Prosecutors have broad discretion when making charging decisions.") The government's dismissal of the Anti-Kickback charge is not relevant to the charges the jury will be asked to evaluate, and introduction of such evidence will serve only to confuse the jury.

## CONCLUSION

For the reasons stated above, the Court should exclude all evidence relating to the defendant's claim of selective/vindictive prosecution and/or prosecutorial misconduct.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  /s/ *Miranda Hooker*
Miranda Hooker, BBO# 661569
Youngik Paik, BBO# 660896
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 /s/ *Miranda Hooker*
Miranda Hooker
Assistant United States Attorney

DATE: April 9, 2018