UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Criminal Action No. 15-30032-MGM |
| MARGARET LUTHRA | * |
| a/k/a Rita Luthra, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER DENYING
DEFENDANT'S MOTIONS FOR DIRECTED VERDICT AT THE CLOSE OF ALL
EVIDENCE AND AT THE CLOSE OF THE GOVERNMENT'S CASE
(Dkt. Nos. 172, 173)

May 16, 2017

MASTROIANNI, U.S.D.J.

The Defendant moved under Rule 29 for a judgment of acquittal as to all Counts against her at the close of the government's case and effectively renewed that motion at the close of the case. (Dkt. Nos.172 & 173, respectively). Because the Defendant presented no evidence and immediately rested after the government's case, the arguments in support of each motion are identical. Because the jury acquitted Defendant of Count Two, only Counts one and Three are discussed here. For the following reasons both motions are denied.

**I. Standard**

Rule 29 of the Federal Rules of Criminal Procedure provides that, upon a defendant's motion, courts "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The "high standard" imposed by Rule

29 requires a showing "that no rational jury could have found [Defendant] guilty beyond a reasonable doubt." *United States v. Duclos,* 214 F.3d 27, 32 (1st Cir. 2000). The court must "view the evidence and draw reasonable inferences in the light most favorable to the verdict." *United States v. McGauley*, 279 F.3d 62, 66 (1st Cir.2002). "The evidence is legally sufficient so long as, taken as a whole, it warrants a judgment of conviction." *United States v. Baldyga*, 233 F.3d 674, 678 (1st Cir.2000). The court must "examine both direct and circumstantial evidence in making this evaluation." *Id.*

### II. Analysis

Defendant makes two basic arguments in support of her motions. First, she contends that she must be acquitted of Count One because the Superseding Indictment was brought more than five years after her last act relevant to the charge. (Dkt. Nos 172-73 at 1-2). She also argues that insufficient evidence supported the guilty verdicts for Counts One and Three. (*Id.* at 2).

**A. Statute of Limitations**

In arguing that Count One was untimely, Defendant contends the Superseding Indictment does not relate back to the original Indictment because the government expressly added an aiding and abetting theory that was absent from the original charges. As explained in prior orders:

> [Defendant] errs in asserting that Count 1 in the superseding indictment does not relate back to the same count in the original indictment. Assuming but not deciding the argument was not waived, the court [held] the HIPPA charge in the original Count 1 was not 'expanded' or 'altered' such that Defendant was deprived of notice that she would 'be called to account for [her] activities and should prepare a defense.' *United States v. O'Bryant*, 998 F.2d 21, 23-24; *see also id.* at 23 (emphasizing that "notice-related concerns . . . comprise the touchstone for determining when a superseding indictment materially broadens or substantially amends earlier charges"). Because, among other reasons, 'an aider and abettor charge... is implicit in all indictments for substantive offenses [and] need not be specifically pleaded[,]' the appearance of an aiding and abetting theory in the superseding indictment did not expand or alter Count 1 or hinder

> Defendant's ability to prepare a defense. *United States v. Dodd*, 43 F.3d 759, 763 (1st Cir. 1995).

Dkt. No. 170 (citations altered). Accordingly, this portion of Defendant's motions must be dismissed.

### B. <u>Sufficiency of the Evidence</u>

At oral argument Defendant clarified her arguments regarding the purported insufficiency of the evidence. As to Count One, the HIPPA charge, she contends the evidence was insufficient to prove the alleged disclosures were not "permitted" and that the uncorroborated testimony of Jose Cid that the Defendant told him to "go help Joanne" was insufficient to sustain a guilty verdict in any rational juror's mind. The court is not convinced. With inferences drawn in the verdict's favor, the jury heard enough *circumstantial* evidence to find beyond a reasonable doubt that disclosure was not made for a permitted purpose involving "routine uses" for treatment, payment, or a "health care provider's" own "health care operations." With the same inferences at play, the jury heard sufficient evidence to conclude beyond a reasonable doubt that Defendant knowingly disclosed protected information to Jose Cid. As the government noted at oral argument, Cid's testimony regarding the statement "go help Joanne" was not uncorroborated. A variety of circumstantial evidence allowed for the inference that Defendant knowingly disclosed protected information, including: (i) Cid's further testimony giving more detail and context to the "go help Joanne statement," (ii) Joanne Rivera's testimony, (iii) the testimony of two agents, (iv) the notes of one of those agents (admitted without objection) attributing the statement that "Cid volunteered to help" to Defendant, and (v) Defendant's handwriting in proximity to both Cid's handwriting and protected information. Taken together, and viewed in light of all evidence presented at trial and Defendant's heavy burden under Rule 29, this is enough to safeguard the verdict from Defendant's challenge.

As for Count Three, Defendant appears to argue that she could not have been found guilty by a rational jury because the evidence disclosed that she (i) provided tax records to investigating

agents and (ii) spoke to agents in the context of an investigation focused on Warner Chilcott rather than herself and therefore could not have had the specific intent needed to convict. This reasoning essentially avoids the factual substance of the government's charge. Providing tax records to the agents disclosed only the amounts paid, not the purpose of the payments. The jury heard evidence that Defendant intentionally misrepresented the purpose of those payments and was cognizant that they were "too much" for the services she claimed to have provided. This is enough to allow for inferences free from a reasonable doubt that, among other things, the Defendant willfully "misled" the investigators regarding "information or records related to" an investigation of Warner Chilcott for federal health care offenses. That Defendant is not charged with obstructing an investigation of her own potential health care offenses is irrelevant to the crime charged, and that she provided tax returns does not undermine evidence that she otherwise misled and obstructed a criminal investigation. Accordingly, Defendant's motions (Dkt. No. 172-73) are DENIED.

    It is So Ordered.

                                                                                                  /s/ Mark G. Mastroianni
                                                                                MARK G. MASTROIANNI
                                                                                United States District Judge